IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>GRAHAM PACKAGING COMPANY, L.P., )<br>)<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br><br><br><br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to John M. Miroballi, who was adversely affected by such practices. As described with greater particularity in Paragraph 7, below, the Commission alleges that Mr. Miroballi was discharged from his position as a General Laborer when Defendant's management learned of his participation in a supervised drug rehabilitation program. The Commission contends that Defendant regarded Mr. Miroballi as disabled, and/or that he has a record of a disability, and is thus protected against discrimination. Yet, Defendant terminated his employment because of Mr. Miroballi's record of a disability, or in the alternative, because it regarded him as disabled. As a result of the discriminatory discharge, Mr. Miroballi suffered backpay losses and compensatory damages.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, §24 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f) (10 and (3) of Title VII, 42 U.S.C. § 2000e-5(f) (1).

4. At all relevant times, Defendant Employer, Graham Packaging Company, L.P. (the "Employer"), a Delaware corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the City of Bristol, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §12111(2).

6. At all relevant times, Defendant Employer has been a covered entity under

Section 101 (2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, John M. Miroballi filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least October 2005, Defendant Employer has engaged in unlawful employment practices at its facility in Bristol, Pennsylvania, in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b)(1) by discriminating against Mr. Miroballi because he is a recovering addict in a supervised rehabilitation program. The unlawful employment practices include the following:

   (a)  In October 2005, John M. Miroballi applied for a General Laborer position at Defendant Employer's facility in Bristol, Pennsylvania. On October 3, 2005, an offer of employment was extended to him. Mr. Miroballi then agreed to report to the Industrial Health Care Center (IHCC) for a physical examination.

   (b)  During the examination, Mr. Miroballi revealed to the medical staff that he was currently in a methadone maintenance program and identified his physician and treatment program, New Horizon Treatment Services ("New Horizons.")

   (c)  The IHCC completed the medical clearance form which had checked off the duties for the General Laborer position, indicating that Mr. Miroballi was physically qualified for the job and writing "Packager only" at the end of the form.

   (d)  Mr. Miroballi performed his job duties successfully for several days. However,

        Defendant Employer then contacted IHCC and learned that Mr. Miroballi was in a methadone maintenance program.

(e)     On October 13, 2005, Mr. Miroballi was not permitted to work and was told to go home. His supervisor stated that he had received an electronic mail transmittal to the effect it would be detrimental to Mr. Miroballi's health if he continued to work for Defendant Employer. However, Mr. Miroballi's supervisor commended Mr. Miroballi for his work performance and told him that he wanted him back on his crew.

(f)     On October 14, 2005, Defendant Employer's Production Manager informed Mr. Miroballi that he was no longer allowed to work because he was a "frigging drug addict." The Production Manager added: "You are on meth. That is the same as a heroin addict. We can't have drug addicts working here."

(g)     When Mr. Miroballi entered the facility for his pay check, the Plant Manager approached him and stated: "How did you ever think that you would get away with this? I don't know how you passed your drug screen."

(h)     Electronic mail exchanges among Defendant Employer's managers reveal that Defendant incorrectly perceived Mr. Miroballi as someone who was not able to operate machinery or a forklift, or work in an area where there was moving machinery or forklift operation, thus rendering him unable to perform any work at the facility.

(i)     Although Mr. Miroballi's physician had supplied Defendant Employer with medical clearance for Mr. Miroballi to work, neither Mr. Miroballi's physician, nor Mr. Miroballi himself, were given an opportunity to address Defendant

Employer's erroneous notion that it was not safe for Mr. Miroballi to be around moving machines or forklifts.

(j) Mr. Miroballi's past medical records reveal that he was disabled in the past due to an addiction, in that his addiction rendered him substantially impaired in major life activities in the past.

8. The effect of the practices complained of in Paragraph 7 above has been to deprive John M. Miroballi of equal employment opportunities and otherwise adversely affect his status as an employee because Defendant Employer regarded him as disabled, because he has a record of a disability, and because Defendant Employer incorrectly viewed him as a drug addict.

9. The unlawful employment practices complained of in Paragraph 7 above were intentional.

10. The unlawful practices complained of in Paragraph 7 above were done with malice or reckless indifference to the federally protected rights of Mr. Miroballi.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of disability, including but not limited to discharging an employee who is participating in a supervised drug rehabilitation program.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who have records of disabilities or who are reformed drug addicts participating in supervised rehabilitation programs, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mr. Miroballi by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its past practices including but not limited to rightful place reinstatement or front pay.

D. Order Defendant Employer to make whole Mr. Miroballi by providing compensatory damages for past, present and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mr. Miroballi by providing compensation for past, present and future nonpecuniary losses resulting from the unlawful practices described in paragraph 7 including but not limited to depression, humiliation, emotional pain, suffering, anxiety, and stress, in amounts to be determined at trial.

F. Order Defendant Employer to pay Mr. Miroballi punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

*[signature]*
Jacqueline H. McNair
Regional Attorney

*[signature]*
Judith A. O'Boyle
Supervisory Trial Attorney

*[signature]*
Cynthia A. Locke
Senior Trial Attorney
U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
215.440.2683
PA ID No. 37637